**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.     )  Criminal No. 21-385-18<br>)<br>LAWRENCE STROTHERS, SR.   ) | |

**<u>MEMORANDUM ORDER</u>**

Defendant and 23 co-defendants are charged in Count One of the Indictment with conspiracy to possess with intent to distribute and distribute 400 grams of more of fentanyl, 280 grams or more of crack cocaine, a quantity of cocaine, a quantity of heroin and a quantity of fluorofentanyl, in violation of 21 U.S.C. § 846, for conduct occurring from in and around August 2019 and continuing until in and around August 2021. (Docket No. 3 at 1-2). Defendant also is charged with two counts of possession with intent to distribute and distribution of a quantity of fentanyl for conduct occurring on or about July 8, 2021 (Count 11) and on or about July 12, 2021 (Count 12), and one count of possession with intent to distribute and distribution of a quantity of fluorofentanyl for conduct occurring on or about July 15, 2021 (Count 13), all in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). (*Id.* at 13-15). Defendant has pled not guilty to the charges, and he has been ordered detained pending trial or other disposition of this matter. (Docket Nos. 195, 199, 820). He is currently detained at the Butler County Prison.

On May 29, 2024, Defendant filed a Motion for Furlough, in which he requests to be temporarily released from detention on June 6, 2024 from 5:00 p.m. to 10:00 p.m. to attend his daughter's high school graduation, escorted by the United States Marshals Service. (*See* Docket No.

1

1632, ¶¶ 2, 4). As set forth in Defendant's Motion, the graduation ceremony will take place in Allegheny County, Pennsylvania, and his counsel will provide the name of the graduate, location of the ceremony and any other requested information to the Marshals if the Court grants his Motion. (*Id.*, ¶¶ 3, 5). The Government opposes Defendant's request for a furlough. (Docket No. 1634).

Although not specified in Defendant's Motion, his request for temporary release from pretrial detention is governed by 18 U.S.C. § 3142(i), which provides as follows:

> The judicial officer may . . . permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another ***compelling reason.***

18 U.S.C. § 3142(i) (emphasis added). In moving for temporary release, the burden rests with Defendant to demonstrate that such release is warranted. *See United States. v. Wilburn*, 2:18-cr-115, 2020 WL 1899146, at *2 (W.D. Pa. Apr. 17, 2020) (explaining burden rests with movant to show that § 3142(i) permits his temporary release). To sustain his burden, Defendant must demonstrate the presence of two factors: (1) that his temporary release is necessary for the preparation of his defense or another compelling reason; and (2) that he could be released to the custody of a United States marshal or another appropriate person. *See United States v. Williams*, 2:20-cr-81, 2020 WL 4431565, at *2 (W.D. Pa. July 31, 2020).

As to the first factor, Defendant does not contend that his request to attend his daughter's high school graduation is a compelling reason for temporary release. Even if Defendant had advanced that argument, this Court and others have found that a request to attend a graduation ceremony does not constitute a compelling reason for temporary release. *See United States v. Taylor*, Crim. No. 18-242, 2022 WL 2159877 (W.D. Pa. June 15, 2022) (denying request for temporary pre-trial release to attend sister's high school graduation); *United States v. Sosa*, Case No.

1:22-CR-00086-DCN, 2022 WL 1689302 (D. Idaho May 26, 2022) (denying request for pre-trial furlough to attend son's graduation ceremony). The Court is sympathetic to Defendant's desire to attend his daughter's graduation; however, "an examination of the defendant's dangerousness and risk of flight is appropriate when deciding a temporary release motion." *Williams*, 2020 WL 4431565, at *2 ("When the court interprets 'compelling reason', it should do so against the backdrop of the Bail Reform Act as a whole."). Such examination strongly counsels against temporary release here.

First, while Defendant is presumed innocent of the charged offenses, it bears noting that he faces significant penalties for the serious drug trafficking offenses with which he is charged – that is, a term of not less than ten years and up to life imprisonment at Count One and up to twenty years' imprisonment at each of Counts 11, 12 and 13 if he is convicted. *See* 21 U.S.C. §§ 841(b)(1)(A)(iii), 841(b)(1)(A)(vi), 841(b)(1)(C). Consequently, the Court cannot discount the possible risk that Defendant would flee, given that he is exposed to such substantial penalties for the charged offenses. *See United States v. Watson*, Crim. No. 20-218, 2020 WL 7425252, at *9 (W.D. Pa. Dec. 18, 2020) ("In light of the nature of the charged conspiracy and the substantial penalty Defendant faces if convicted, this Court is not persuaded that any amount of bond or other means of personal supervision would deter him from fleeing.").

Additionally, as this Court previously observed when ruling on Defendant's motion to revoke the order of detention, his criminal history is significant, it involves numerous drug trafficking convictions, and it includes the commission of offenses while on bond or on probation.[1] *United*

---

1   As the Court noted when ruling on Defendant's motion to revoke the order of detention, his background information and criminal history are described in the Pretrial Services Report prepared by the United States Pretrial Services Office. *See Strothers*, 2022 WL 2486848, at *6, n.5.

*States v. Strothers*, Crim. No. 21-385-18, 2022 WL 2486848, at *6 (W.D. Pa. July 6, 2022). To repeat, Defendant has six prior convictions for possession with intent to deliver a controlled substance, for which he was sentenced to significant periods of incarceration, including a term of five to ten years. (*Id.*). He also has prior convictions for a firearms offense, possession of a controlled substance, resisting arrest and false identification to law enforcement. (*Id.*). Moreover, Defendant committed new offenses in the past while on bond or probation on ten occasions, and he is alleged to have engaged in the conduct charged in the instant case while on probation. (*Id.*). In this Court's estimation, Defendant's criminal history, which involves numerous controlled substance offenses and a firearms offense, indicates that he poses a risk of danger to the community.[2] *See id.* at *8 (observing that drug trafficking and firearm possession pose a substantial risk of harm to the community). All told, given the information available to the Court, Defendant has not demonstrated that attending his daughter's high school graduation is a compelling reason warranting his temporary release under § 3142(i). *See Williams*, 2020 WL 4431565, at *3 (finding that the defendant failed to demonstrate that request to attend funeral was a compelling reason warranting his temporary release under § 3142(i)).

While the above analysis is sufficient reason to deny Defendant's request for temporary release, Defendant also has failed to establish that the second factor of § 3142(i) is satisfied. As this Court previously has noted, the United States Marshals Service no longer performs escorted

---

[2] On this point, the Court previously observed when it denied Defendant's motion to revoke the order of detention that it could not "overlook the obvious danger to the community posed by the combination of drug trafficking and firearm possession as suggested by the evidence introduced [at the detention hearing] in Defendant's case." *Strothers*, 2022 WL 2486848, at *8. That evidence included intercepted calls involving Defendant's discussion of firearm possession, as well as intercepted calls wherein he contemplated violence toward others, such as considering whether to break someone's jaw because of a dispute they were having, whether to shoot someone in the head over money he lost on bad drugs, and indicating that he wanted to harm someone who was involved in a shooting close to his home. *Id.*, n.8.

furloughs,³ thus Defendant must demonstrate that temporary release to "another appropriate person" is proper. *See Taylor*, 2022 WL 2159877, at *2 (citing *United States v. Wood*, Crim. No. 21-385-23, 2022 WL 1689511, at *2 (W.D. Pa. May 26, 2022)). Defendant has not identified any such individual. However, even if Defendant had proposed a potential third-party custodian, the Pretrial Services Office would have to sufficiently vet that person, which might not be possible given the timing of the graduation ceremony. Furthermore, the mere fact that someone might be willing to serve as Defendant's custodian and transport him to and from the graduation ceremony does not mean that the person could adequately supervise an individual who is charged with extremely serious drug trafficking offenses and who has a criminal history as outlined above.

In sum, the Court understands that Defendant's desire to attend his daughter's graduation ceremony led him to seek temporary release. However, the Court must also consider his danger to the safety of the community, the risk of non-appearance and the terms of any temporary release. As discussed, those considerations weigh strongly against Defendant's temporary release in this case. However, to the extent that arrangements can be made with the Butler County Prison to permit Defendant to attend the graduation virtually, the Court will permit Defendant to do so subject to the Butler County Prison's ability to facilitate same as outlined in the Court's Order below.⁴

Accordingly, based on the foregoing, the Court enters the following Order:

---

3   According to the Government's Response, this policy of not providing transport or security to family events remains unchanged because, as explained by a Supervisory Deputy United States Marshal, "furloughs inherently pose significant security concerns, including attempts by the defendant to flee; attempts by family, friends, and criminal associates to aid and abet efforts to flee; attempts by family, friends, and criminal associates to pass contraband to the defendant; and attempts by criminal associates to harm the defendant." (Docket No. 1634 at 2). As the Government correctly observes, these risks pose dangers to the community, the defendant, and the United States Marshals Service. (*Id.*).

4   The Government does not object to Defendant attending the graduation ceremony virtually from the Butler County Prison, if possible. (*See* Docket No. 1634 at 5).

AND NOW, this 31st day of May, 2024, IT IS HEREBY ORDERED that Defendant's Motion for Furlough, (Docket No. 1632), is DENIED.

IT IS FURTHER ORDERED that, ***subject to the Butler County Prison's availability of necessary technology and ability to do so***, Defendant is permitted to participate in his daughter's graduation ceremony on June 6, 2024 at 6:30 p.m. by video conference, using the facility's computer/video conference equipment.  Counsel for Defendant shall inquire as soon as possible whether the Butler County Prison is able to accommodate Defendant's use of videoconferencing equipment at that time, and, if it is available, counsel shall provide the Butler County Prison with the videoconference invitation/log in instructions which shall be created by Defendant's family.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge


cc/ecf:   All counsel of record
          United States Marshal
          United States Pretrial Services